DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Toledo Municipal Court which, following a jury trial, found appellant, Reginald S. Leister, guilty on two counts of violating Toledo Municipal Code ("TMC") section 1726.08(b), abatement of a public nuisance, each charge being a misdemeanor of the first degree. *Page 2 
Appellant was sentenced on October 26, 2006, to serve 60 days of incarceration with work release, if eligible.
 {¶ 2} Appellant filed a timely notice of appeal and raises the following assignments of error on appeal:
 {¶ 3} "Assignment of Error No. 1:
 {¶ 4} "The trial court abused its discretion in not ruling on the motion for acquittal when it was made after the close of the state's case and in denying the appellant's motion for acquittal before the prosecution elicited identification testimony.
 {¶ 5} "Assignment of Error No. 2:
 {¶ 6} "The trial court erred in not granting the appellant's motion for acquittal because there was insufficient evidence to support a conviction on the charges.
 {¶ 7} "Assignment of Error No. 3:
 {¶ 8} "The trial court violated the guarantees of Article I, Section10 of the Ohio Constitution and the Due Process Clause of theFourteenth Amendment to the United States Constitution to a trial before an impartial and neutral judge.
 {¶ 9} "Assignment of Error No. 4:
 {¶ 10} "Appellant received ineffective assistance of counsel when his trial counsel failed to renew her motion for acquittal after the close of all evidence."
 {¶ 11} Appellant argues in his first and second assignments of error that the trial court erred in denying his Crim.R. 29(A) motion for judgment of acquittal because he was not identified during the state's case-in-chief. As such, appellant argues that the *Page 3 
evidence presented was insufficient to sustain a conviction. Appellant also argues that, contrary to Crim.R. 29(A), the trial court erred in reserving its ruling on his motion until the end of the trial.
 {¶ 12} The following facts are pertinent on appeal. Upon appellant's motion for acquittal, the trial court stated that Marian Snyder, the state's first witness, failed to identify appellant. With respect to the testimony of Richard Cutcher, the state's second witness, the trial court found that his testimony did not establish that Cutcher knew appellant was the property owner at the time he met appellant. The trial court then stated that "[t]he severity of the failure to identify the defendant as part of the court proceeding is, in fact, a major failure on the part of the City to do that." The trial court, however, reserved its ruling on appellant's motion. Upon the close of appellant's case, the trial court sua sponte reopened the state's case to allow Snyder to identify appellant.
 {¶ 13} Setting aside for a moment the alleged procedural error in reserving its ruling on appellant's Crim.R. 29(A) motion, we find that the trial court's recollection of the testimony was incorrect. Snyder testified that a certified copy of the deed of the property in question showed that the property was owned by Reginald S. Leister. Snyder testified that she and Cutcher had met Leister at the property to point out the housing code violations, but never stated that appellant was Leister. Cutcher, however, was asked if he was "familiar with the individual that owns that property." Cutcher testified that he knew the owner and identified appellant as the owner of the property. With respect to appellant's identification, it is irrelevant whether appellant owned the property at the *Page 4 
precise moment Cutcher met him. Rather, it is undisputed that Cutcher testified that he knew who owned the property and that appellant was the owner. Cutcher even knew who were the two prior owners of the property.
 {¶ 14} Based on the foregoing, we find that appellant was not entitled to a judgment of acquittal because he had been sufficiently identified during the state's casein-chief Additionally, because appellant was identified, we find that any alleged error by the trial court with respect to reserving its ruling until the end of the trial was harmless. Appellant's first and second assignments of error are therefore found not well-taken.
 {¶ 15} Appellant argues in his third assignment of error that he was denied a fair trial, by a neutral and impartial judge, when the trial court sua sponte directed the prosecution to reopen its case to elicit identification testimony from Snyder. Appellant asserts that the trial court's ruling made it "part of the prosecution team."
 {¶ 16} Appellant cites no authority in support of his claimed error. In this case, nothing in the record suggests that the trial court's decision was biased or that appellant was denied an impartial trial. Rather, having found that appellant was sufficiently identified in the first instance, we find that any additional identification was superfluous and unnecessary and did not prejudice appellant.
 {¶ 17} Accordingly, we find no evidence that appellant was denied a fair trial on this basis, or otherwise. Appellant's third assignment of error is therefore found not well-taken. *Page 5 
 {¶ 18} Appellant argues in his fourth assignment of error that he received ineffective assistance of counsel when his trial counsel failed to renew his motion for acquittal after the close of all evidence. Because we find that appellant was sufficiently identified during the state's case-in-chief and, therefore, not entitled to acquittal, we find that appellant failed to establish that his counsel's performance was deficient or that he suffered prejudice. See Strickland v.Washington (1984), 466 U.S. 668. Appellant's fourth assignment of error is therefore found not well-taken.
 {¶ 19} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1